IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 92-cr-00335-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN ROBERTSON,

    Defendant.
_____

**ORDER REGARDING DEFENDANT'S MOTION TO REDUCE SENTENCE**
_____

    This matter comes before the Court on the Unopposed 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence and Joint Position Statement Regarding Eligibility and Relief [Docket No. 290], which is jointly filed by counsel for defendant and by the United States. The motion is made pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce the term of imprisonment for a defendant whose sentencing range has subsequently been lowered by the United States Sentencing Commission. On June 30, 2011, the Commission voted to give retroactive effect to its proposed permanent amendment to the sentencing guidelines that implements the Fair Sentencing Act of 2010. The effect of these amendments is to lower the sentencing range for defendants convicted of crack cocaine offenses.

    The Court makes the following findings and conclusions:

    1. On May 25, 1993, a jury found the defendant guilty of Conspiracy to Possess with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a

Detectable Amount of Cocaine Base (Count One); Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine (Count Three); and five counts of Laundering of Monetary Instruments (Counts Four through Eight). The Court found that the defendant's criminal history category was IV and his total offense level was 40, resulting in a guideline sentencing range was 360 months to life. The court sentenced the defendant to life imprisonment. No term of supervised release was imposed given the life sentence. Judgment entered on August 9, 1993.

    2. On May 1, 2008, pursuant to the Commission's earlier amendment to the guidelines, the Commission lowered the base offense level for crack cocaine offenses. After a resentencing hearing on November 14, 2008, the Court determined that the defendant's criminal history category was IV and his amended total offense level was 38, which resulted in a guideline imprisonment range of 324 to 405 months as to Counts One and Three. The Court sentenced the defendant to 405 months imprisonment (top of the range) as to Counts One and Three. In amending the defendant's life sentence to 405 months imprisonment, the Court considered the factors set forth in 18 U.S.C. § 3553(a), including the defendant's post-sentencing conduct, which was a positive factor, and public safety, which in light of the underlying conviction and his prior criminal history, was a negative factor and one that outweighed the defendant's post-sentencing conduct. *See* Docket No. 243 at 4.

    3. The Probation Department has prepared an Addendum to the presentence investigation report dated October 28, 2011, wherein the Probation Department determines that, based on 683 grams of cocaine base, the defendant's base offense

level is reduced to 32 and his total offense level is reduced to 36. Docket No. 292. With a criminal history category of IV, the defendant's amended guideline sentencing range is 262 to 327 months imprisonment. *Id*. The parties' joint motion contains the same calculation. Docket No. 290 at 3.

    4. Neither the defendant nor the United States has asked for a resentencing hearing.

    5. Section 3582(c) of Title 18 states that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Both the government and the defendant agree that the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

    6. Consistent with 18 U.S.C. § 3582(c)(2), the Court is to consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (a) whether a reduction in the defendant's term of imprisonment is warranted; and (b) the extent of such a reduction, but only within the limits described in subsection § 1B1.10(b). In addition, the Court is to consider (1) public safety (the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment) and (2) post-sentencing conduct (the conduct of the defendant that occurred after imposition of the original term of imprisonment).

7. Mr. Robertson requests a sentence reduction to at least 327 months imprisonment, but requests a lower sentence within the guideline range if the Court deems it appropriate. The government recommends a sentence at the top of the amended guideline range, i.e. 327 months. Docket No. 290 at 4.

8. After considering the factors set forth in 18 U.S.C. § 3553(a), the factors set forth in Paragraph 6 above, and the October 28, 2011 addendum to the presentence investigation report, the Court determines that a sentence at the top of the amended guideline range is appropriate in this case. Not only is a top of the guideline range sentence consistent with the original sentence and the reasons that the Court identified at the November 2008 resentencing, but it is consistent with the trial judge's assessment of the defendant's role in the offense and the harm caused by the defendant. The sentencing court justified its life sentence based on the following findings:

> This was an extensive "crack" distribution operation, well-organized and supported by threats and weapons. The misery caused by operations such as this was amply demonstrated by the parade of "crack" addicts who testified at trial.

See Resolution of Factual Disputes and Disputes Concerning Application of Guidelines, dated Aug. 5, 1993, at ¶ 23, p. 7. The trial judge also determined that the defendant was "at the head of this distribution organization." Id. at ¶ 10, p. 3. This Court adopts these findings and believes that it would be inappropriate, in applying USSG § 1B1.10, to sentence the defendant to anything other than 327 months imprisonment, the top of the relevant guideline range.

Wherefore, it is ORDERED as follows:

(a) The Unopposed 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence and Joint Position Statement Regarding Eligibility and Relief [Docket No. 290 is granted The defendant's sentence is modified from 405 months imprisonment on Counts One and Three to 327 months imprisonment on Counts One and Three.  The defendant's sentence of 240 months imprisonment on each of Counts Four through Eight is not affected.  The sentences on all counts are to run concurrently with each other;

(b) All other terms and conditions originally imposed remain in effect to the extent they are not inconsistent with this order.  The Probation Department may also add such terms and conditions of supervised release as are appropriate;

(c) All remaining motions [Docket Nos. 282, 283, 285, and 286] not addressed above are denied as moot.


DATED November 3, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge