IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 92-cr-00335-PAB-5

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5. ANTHONY CARLOS TORRES,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on the October 26, 2011 letter [Docket No. 298] sent to the Court by defendant Anthony C. Torres. Mr. Torres seeks "assistance in evaluating" whether the Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat. 2372, can be retroactively applied to him. As part of his argument, he suggests that the United States Sentencing Commission promulgated certain amendments to the drug quantity tables of the guidelines which were explicitly retroactive, *see* U.S.S.G. § 1B1.10(c), which implies that the Fair Sentencing Act is also retroactive. The Court construes this letter as a request that the Court appoint counsel on behalf of Mr. Torres.

    The Tenth Circuit Court of Appeals addressed the retroactivity of the Fair Sentencing Act in *United States v. Reed:*

> "The 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). There is no provision for retroactivity in the Fair Sentencing Act of 2010. *Id.*

410 F. App'x 107, 111 (10th Cir. 2010). Several other circuits have also held that the Act is not retroactive. *See, e.g. United States v. Curet*, --- F. 3d ----, 2012 WL 75392, at *12 (1st Cir. Jan. 11, 2012); *United States v. Sidney*, 648 F.3d 904, 906 (8th Cir. 2011); *United States v. Bullard*, 645 F.3d 237, 248-49 (4th Cir. 2011); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Moreover, as to Mr. Torres' argument that the retroactive nature of the Sentencing Commission guidelines imply that the Act is retroactive as well, the court in *Curet* noted

> Curet cites no authority for the proposition that the Sentencing Commission's determination to make certain guideline provisions retroactive could somehow give retroactive force to a statute, and it is illogical. The provision granting the Commission authority to make provisions of the guidelines retroactive provides no such authority; it simply provides that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). Indeed, the Sentencing Commission's own promulgation of the retroactive amendment explains that "[t]he Fair Sentencing Act of 2010 did not contain a provision making the statutory changes retroactive," and the Commission's amendment to the guidelines "does not make any of the statutory changes in the Fair Sentencing Act of 2010 retroactive." 76 Fed. Reg. at 41,333.

2012 WL 75392, at *13.

Mr. Torres is not entitled to counsel for purposes of seeking a modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (rejecting a defendant's claim that he had a constitutional right to assistance of counsel in pursuing a § 3582 motion). Given what appears to be the clear state of the law, the Court finds that Mr. Torres has not, at

this time, justified the appointment of counsel to advise him as to the retroactivity of the Fair Sentencing Act.

Wherefore, the defendant's October 26, 2011 letter [Docket No. 298], construed as a request for appointment of counsel to advise him as to grounds to seek modification of his sentence, is denied.

DATED January 31, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge